# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6811 | **DATE** | 4/23/2012 |
| **CASE TITLE** | Martinez vs. Bitzer Products Co. | | |

**DOCKET ENTRY TEXT**

Defendant Bitzer Products Co.'s Rule 12(b)(6) motion to dismiss the complaint [#9] is denied. Bitzer is ordered to answer the complaint within seven days. Status hearing is set for 5/15/2012 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Jaime Martinez has filed a two-count complaint against defendant Bitzer Products Co. ("Bitzer") alleging that Bitzer discriminated against him in violation of the Americans with Disabilities Act ("ADA"), as amended 42 U.S.C. §§ 12101 *et seq.*, by failing to provide reasonable accommodation and terminating him because of his disability. Bitzer moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that Martinez failed to plead that he was a qualified individual with a disability. For the reasons set forth herein, Bitzer's motion is denied.

**Background**[1]

Bitzer is a manufacturing company in the business of producing multi-faceted precision-machined parts. (Compl. ¶ 6.) Martinez worked for Bitzer as a machinist, setting up, running, polishing and etching multi-faceted machine parts. (*Id.* ¶ 8.) In or around January or early February 2010, Martinez became disabled. (*Id.* ¶ 10.) He was substantially limited in his ability to use his right arm for long periods of time and/or lift anything over five pounds. (*Id.*) On or about February 11, 2010, Martinez presented Bitzer with a doctor's note excusing him from his work setting up, running, polishing, and etching multi-faceted machine parts due to nerve irritation that caused him muscle pain and spasms in his right arm and back. (*Id.* ¶ 12.) After Martinez notified Bitzer of his injuries, Bitzer forced him to work outside of his restrictions, requiring him to set up, run, polish and etch multi-faceted machine parts. (*Id.* ¶ 13.) Martinez is a qualified person with respect to his employment in that, with a reasonable accommodation, he can perform the essential functions a job for his employer. (*Id.* ¶ 14.) Bitzer could have accommodated Martinez by giving him a new work assignment. (*Id.*) Instead, Bitzer terminated Martinez's employment on February 26, 2010. (*Id.* ¶ 15.)

**STATEMENT**

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

The ADA prohibits an employer from discriminating against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Such discrimination includes failure to make reasonable accommodation or discharging an employee because of his or her disability. 42 U.S.C. §§ 12112(a); 12112(b)(5)(A). To succeed on both of his ADA claims, Martinez must first show that he is a "qualified individual with a disability." *See id.*; *Stevens* v. *Ill. Dept. of Transp.,* 210 F.3d 732, 736 (7th Cir. 2000) ("To make out a claim under the ADA, an individual must show: 1) that she is disabled; 2) that she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the employer took an adverse job action against her because of her disability or failed to make a reasonable accommodation.").

A qualified individual with a disability is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). There are two prongs to this definition. "First, the disabled individual must satisfy 'the requisite skill, experience, education and other job-related requirements of the employment position [he] holds or desires.'... Second, the person must establish that he 'can perform the essential functions of such position' with or without accommodation." *Ross* v. *Ind. State Teacher's Ass'n Ins. Trust*, 159 F.3d 1001, 1013 (7th Cir. 1998) (quoting 29 C.F.R. § 1630.2(m)).

**Analysis**

The sole issue before the court is whether Martinez properly pleaded that he is a qualified individual with a disability.[2] Bitzer does not challenge the first prong of the test, namely, that Martinez possessed the requisite job-related skills for the position. Instead, it argues that Martinez failed to plead that he could perform the essential functions of his job. According to Bitzer, the complaint falls short of the precision required by *Twombly* and *Iqbal* because it lists the job duties Martinez performed as a machinist but then states that he could not perform these same duties due to his disability. (Compl. ¶¶ 8, 12.) As such, according to Bitzer, the complaint shows that Martinez "was wholly incapable of performing any aspect of his position, essential and non-essential duties alike." (Def.'s Mot. to Dismiss at 4.)

Specifically, Bitzer contends that because Martinez alleges that he cannot use his right arm for long periods of time and/or lifting anything over five pounds, and cannot set up, run, polish and etch multi-faceted machine parts, he is not a qualified individual, *i.e.*, he cannot perform the essential functions of his job. Martinez alleges that he can perform the essential functions of his job with a reasonable accommodation. (Compl. ¶ 14.) Whether these duties are considered essential functions of Martinez's job, and whether or not

**STATEMENT**

he could perform essential duties with or without reasonable accommodation requires a factual inquiry into the demands of his job and the nature of his disability that is beyond the scope of the pleadings. *See Hayes* v. *Elementary Sch. Dist. No. 159*, No. 10 C 7059, 2011 WL 1059890, at *3 (N.D. Ill. Mar. 21, 2011). ("[W]hether or not Hayes was able to perform her job with or without reasonable accommodations involves a factual analysis regarding Hayes' physical condition and job duties that is far beyond the scope of the pleadings.").[3] Moreover, a "reasonable accommodation" under the ADA includes "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations[.]" 42 U.S.C. § 12111(9). Thus, it is plausible that restructuring Martinez's job, modifying his work schedule or equipment or reassigning him to a vacant position would have allowed Martinez to perform the essential functions of his position, whatever those functions might have been. The complaint contains sufficient facts to plausibly suggest that Martinez is entitled to relief. Bitzer's motion to dismiss is denied.

---

1. The following facts are taken from the complaint and considered in the light most favorable to Martinez.

2. The court will not consider Bitzer's second argument, that Martinez has not pleaded that he could perform his job with a reasonable accommodation, because this argument was raised for the first time in Bitzer's reply brief, thereby depriving Martinez of the opportunity to respond. *See Wright* v. *United States*, 139 F.3d 551, 553 (7th Cir. 1998) (arguments in support of a motion that are raised for the first time in a reply brief are waived).

3. The plaintiff in *E.E.O.C.* v. *Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1011 (N.D. Ill. 2009), a case cited by Bitzer, pleaded only that "[a]t all relevant times, [plaintiff] was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8)." Martinez, however, claims that he "is a qualified person with respect to his employment in that, with a reasonable accommodation, he can perform the essential functions of his job for his employer." (Compl. ¶ 14.) Additionally, unlike the plaintiff in *E.E.O.C.* v. *United Parcel Service, Inc.*, No. 09-cv-5291, 2010 WL 3700704, at *3 (N.D. Ill. Sept. 10, 2010), Martinez alleges that he is able to perform the essential functions of his job with a reasonable accommodation.